IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| CALVIN NIX, #167 868 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:03-CV-886-T |
| | (WO) |
| DONAL CAMPBELL, *et al.*, | * |
| Defendants. | * |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Calvin Nix, filed this 42 U.S.C. § 1983 action on August 26, 2003 against Commissioner Donal Campbell, Warden Gwendolyn Mosley, and the Attorney General for the State of Alabama. In the complaint, Plaintiff alleges that Defendants "subjected [him] to punishments not recognized or authorized by any federal or state law, without due process, and in violation of [the] Eighth Amendment." Specifically, Plaintiff contends that Defendant Mosley's use of the "hot dorm" at the Easterling Correctional Facility ("Easterling") is not authorized by law and inflicts punishment without due process. Plaintiff seeks injunctive and/or declaratory relief.

Plaintiff filed the instant complaint while incarcerated at Easterling. Plaintiff has since been transferred to another correctional facility within the Alabama Department of Corrections. Based on Plaintiff's complaint and the specific relief sought, the undersigned concludes that this action due to be dismissed as moot.

I.  DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

Plaintiff's ultimate objective in filing this action sought to enjoin Defendants from "punishing" him without due process through their utilization of Easterling's restricted privilege dormitory, also known as the "hot dorm," as a management tool for inmates who violate institutional rules. It is clear that Plaintiff is no longer housed at Easterling. Because he has been transferred to another penal institution, there is no longer a case or controversy to litigate, and Plaintiff's claims are due to be dismissed as moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury); *United States ex rel. Graham v. United States Parole Commission*, 732 F.2d 849, 850 (11th Cir. 1984).

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint for injunctive relief be DISMISSED as moot since a more favorable decision on the merits would not entitle him to any additional relief;

2. This case be DISMISSED with prejudice; and

3. The costs of this proceeding be TAXED against Plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **19 October, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this day of 5th day of October, 2005.

    /s/ Vanzetta Penn McPherson
    VANZETTA PENN MCPHERSON
    UNITED STATES MAGISTRATE JUDGE